## WOODBURY v. WOODBURY et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

1. DOWER (§ 105*)—DAMAGES FOR DETENTION—ASSESSMENT.

Where a widow, within two days after her husband's death, issued a summons for the admeasurement of dower, and filed a lis pendens within about three weeks, and refused to countenance any lease that should interfere with the enforcement of her rights, damages for detention of dower should be based on the rents actually received, and not on the ordinary rental value of the property.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 189; Dec. Dig. § 105.*]

2. DOWER (§ 105*)—DETENTION OF DOWER—WHAT CONSTITUTES.

An incompetent heir did not in a legal sense withhold a widow's dower, where two days after the husband's death the widow brought an action for its assignment, and the property was of such a nature that it could not be divided.

[Ed. Note.—For other cases, see Dower, Dec. Dig. § 105.*]

3. DOWER (§ 95*)—REMEDY OF WIDOW—COSTS.

Where the costs in a proceeding for the sale of land to assign a widow's dower were very large, and could have been granted only under

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Code Civ. Proc. § 1625, which makes sections 3253, 3254, referring to costs in partition, applicable to dower, the attorneys will be presumed to have consented to the full amount of the statutory allowances; and hence, under section 1624, the gross sum awarded in lieu of dower should be computed upon the net proceeds of the sale, for it cannot be supposed that the court in its discretion intended to charge the costs of the sale against particular interests.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 340; Dec. Dig. § 95.*]

Appeal from Special Term, Kings County.

Action by Cora Woodbury against Sarah T. Woodbury and others. From a judgment awarding plaintiff dower, defendant Woodbury appeals. Modified and affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

George S. Billings, for appellant.
Benjamin Patterson, for respondent.

THOMAS, J. Woodbury died intestate January 18, 1909, leaving his sister, Sarah T. Woodbury, an incompetent, as his only heir at law, and a widow, the plaintiff, who began this action to recover her dower, by summons dated January 20, 1909, served on the heir without the state on April 6, 1909. By order the summons and complaint were on the following March 25th served on the appellant's attorney, who, having been appointed special guardian ad litem for the incompetent, served an answer submitting her rights to the court.

[1] As actual admeasurement of dower could not be had, as all parties advised the court, the land was ordered to be sold, and such provision made for reparceling the same as was deemed most advantageous. What the land was, the relation of the pieces, and the readjustment may be learned from the opinion of the referee. The plaintiff's dower was computed upon the proceeds of sale, less the referee's fees and expenses, without deduction of the costs and disbursements allowed the parties or either of them. The plaintiff recovered as damages for withholding her dower $3,065.45, which was one-third of the net rental value, as found by the referee upon the evidence of an expert. To the judgment in such respects the appellant objects.

The damages were not justly awarded. The husband had been dead some two days when the summons was dated, and it was only on February 4, 1909, that the lis pendens was filed. The plaintiff's consent to accept a gross sum was dated March 9, 1909, and another consent, dated June 7, 1909, was filed, wherein was a statement that plaintiff would accept a distinct lot in lieu of dower in parcels 3 and 4, and a gross sum for her remaining interest. An order of reference was made in June, the referee's report is dated in November, 1909, the interlocutory judgment was rendered in December, and a sale actually had in April, 1910. The gross rents received by defendant's committee were $2,300. The taxes paid were $1,590.28, and the outlay for repairs was $150. For such expenses, aggregating $1,740.28, an allowance was made. Pursuant to such receipts and expenditures, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff was entitled to recover one-third of $559.72, with interest. But the allowance for damages, as already stated, was based on such annual rental value as the expert ascribed to the several pieces of land.

Assuming that there was a withholding of dower (although there is no evidence of it), it is apparent that, if the rental value stated by the expert could have been obtained under ordinary circumstances, the plaintiff by her action destroyed it for the oncoming season. The property, distributed into six parcels, is situated at Coney Island. Two parcels, No. 2 and part of No. 5, were under lease for terms extending beyond the time of sale, and yet the referee ignored the reserved rental, and, at least as to parcel No. 2, fixed the incompetent's liability for withholding it at $3,000, although her husband's lease returned but $2,000 rental. The other parcels were vacant and unimproved, save that there were some bathhouses on some part of parcel No. 4, while on parcel No. 1 there was a two-story structure and also a café or hotel. But the conditions did not permit the property to be rented at its usual fair value, because any lease was menaced by a probable sale in the action, and the lis pendens constantly proclaimed that a change in ownership was approaching as rapidly as the prescribed remedy could be enforced.

The gross injustice of charging the incompetent with damages for withholding this property is manifest in the evidence of plaintiff's attorney, whereby it appears that there was danger that any person accepting a lease would be harmed thereby, and also that he, as representing the plaintiff, refused to countenance a lease that should interfere with the enforcement of the plaintiff's rights. It is not a question now whether the incompetent's committee did or did not use all requisite activity in an attempted renting of the bathhouses and café, the latter of which was unfinished at the intestate's death and required very considerable outlay, for the referee has not rested his decision upon such consideration.

[2] Moreover, it is considered that the defendant did not in a legal sense withhold the property from the plaintiff. The whole conduct of the parties shows that there could be no actual admeasurement, and presumably before the husband was buried, or the incompetent's committee advised of the situation, the plaintiff by her action clogged and burdened the property, and thereupon asked the court to condemn the defendant in damages because she had not admeasured it to the plaintiff before the action was begun, or extricated herself from the embarrassment imposed by the plaintiff and rented it at the sum placed upon it by the expert at the time of the trial.

[3] The defendant also contends that the gross sum should be computed upon the net proceeds of sale; that is, that the costs allowed to the plaintiff and to herself should first be deducted. The allowances are very large, and could have been granted only upon the theory that the action is governed by the rules applicable to actions for partition. Code Civ. Proc. § 1625, 3253, 3254; Schierloh v. Schierloh, 14 Hun, 572. But if this action is analogous to an action in partition, the costs should be paid out of the gross proceeds of sale, unless it should be considered that the court intended in its discretion to charge the

same against particular interests. It is presumable that the attorneys consented to the allowances that reached the full statutory limit, and in such case the exercise of the discretion of the court is not also presumed.

Under such circumstances the judgment should be modified, by computing the gross sum payable for dower upon the net proceeds of sale pursuant to section 1624 of the Code of Civil Procedure, which would involve the deduction of the costs and allowances to the parties. In addition, the damages should be reduced to one-third of the net rentals, with interest, and, as so modified, the judgment should be affirmed, without costs. All concur.